UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAMMANUEL DURHAM, #614750,

        Petitioner,

                                          CASE NO. 13-CV-14383

v.

                                          HON. MARK A. GOLDSMITH

CARMEN PALMER,

        Respondent.

_____/

## ORDER GRANTING PETITIONER'S MOTION TO STAY (Dkt. 10)

        This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Trammanuel Durham ("Petitioner") was convicted of assault with intent to commit murder, Mich. Comp. Laws § 750.83, conspiracy to commit armed robbery, Mich. Comp. Laws § 750.529/750.175a, attempted armed robbery, Mich. Comp. Laws § 750.529/750.92, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Wayne County Circuit Court. He was sentenced to 17.5-to-50 years' imprisonment on the assault conviction, a concurrent term of 9-to-20 years' imprisonment on the conspiracy conviction, a concurrent term of 6 months-to-5 years' imprisonment on the attempted armed robbery conviction, and a consecutive term of 2 years' imprisonment on the felony firearm conviction in 2010. In his pleadings, Petitioner raises claims concerning judicial bias, the admission of other acts evidence, the effectiveness of trial counsel, and cumulative error. Pet. (Dkt. 1).

        The matter before the Court is Petitioner's motion to stay the proceedings and hold his habeas petition in abeyance so that he can return to state court to exhaust remedies on additional

claims concerning the effectiveness of trial and appellate counsel. Pet. Mot. (Dkt. 10). Respondent has recently filed an answer to the petition contending that it should be denied. See Resp. Br. (Dkt. 9).

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must be given an opportunity to rule upon all of Petitioner's claims before he can present those claims on habeas review. Otherwise, this Court is unable to apply the standard found at 28 U.S.C. § 2254.

The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process. O'Sullivan, 526 U.S. at 845. To satisfy the exhaustion requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). The claims must also be presented to the state courts as federal constitutional issues. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). For a Michigan prisoner, each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

2

The Michigan Rules of Court provide a process through which Petitioner may raise his unexhausted claims.  See M.Ct.R. 6.500 et seq. (establishing procedures for post-appeal relief). He may then appeal the trial court's decision to the state appellate courts as necessary. Petitioner's unexhausted claims should first be addressed to, and considered by, the Michigan courts.

A federal district court has discretion to stay a habeas petition to allow a petitioner to present unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition.  Rhines v. Weber, 544 U.S. 269, 276 (2005).  Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court, the unexhausted claims are not "plainly meritless," and the petitioner has not engaged in intentionally dilatory tactics.  Id. at 277.

In this case, Petitioner has shown the need for a stay.  He wishes to pursue new claims which have not been presented to the state courts.  The one-year limitations period applicable to federal habeas actions, 28 U.S.C. § 2244(d)(1), could pose a problem if the Court were to dismiss the petition to allow for further exhaustion of state remedies as Petitioner appears to have filed his petition about two months before the expiration of the one-year period.  Additionally, Petitioner seeks to present new issues and alleges that appellate counsel was ineffective for failing to previously present them to the state courts, which may provide good cause.  Lastly, the Court finds that the unexhausted claims do not appear to be plainly meritless and there is no evidence of intentional delay.  Therefore, the Court shall hold the petition in abeyance and stay

the proceedings pending Petitioner's exhaustion of state court remedies as to the additional, unexhausted claims.

Accordingly, the Court grants Petitioner's motion to stay the proceedings and hold the habeas petition in abeyance. These proceedings are stayed. The stay is conditioned on Petitioner presenting the unexhausted claims to the state courts within 30 days of the filing date of this order by filing a motion for relief from judgment with the trial court. See Palmer v. Carlton, 276 F.3d 777, 781 (6th Cir. 2002) (adopting approach taken in Zarvela v. Artuz, 254 F.3d 374, 381 (2d Cir. 2001)). The stay is further conditioned on Petitioner's return to this Court with a motion to reopen and amend the petition, using the same caption and case number, within 30 days of fully exhausting state remedies. Id. Should Petitioner fail to comply with these conditions, the case may be dismissed. Lastly, this case is closed for administrative purposes pending compliance with these conditions. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. Sitto v. Bock, 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

SO ORDERED.

Dated:  July 23, 2014                          s/Mark A. Goldsmith
     Flint, Michigan                          MARK A. GOLDSMITH
                                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2014.

                                                 s/Deborah J. Goltz
                                               DEBORAH J. GOLTZ
                                               Case Manager