UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRAMMANUEL DURHAM,

        Petitioner,

Case No. 13-cv-14383

v.

HON. MARK A. GOLDSMITH

CARMEN PALMER,

        Respondent.

_____/

**OPINION & ORDER
RE-OPENING THE CASE, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS (Dkt. 1), DENYING THE PENDING MOTIONS (Dkts. 12, 14, 16, 17), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Trammanuel Durham, currently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254 (Dkt. 1), challenging his Wayne County Circuit Court convictions for assault with intent to commit murder, Mich. Comp. Laws § 750.83; conspiracy to commit armed robbery, Mich. Comp. Laws §§ 750.529, 750.175a; attempted armed robbery, Mich. Comp. Laws §§ 750.529, 750.92; and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, following a jury trial in the Wayne County Circuit Court.  Following a jury trial, Petitioner was sentenced in 2010 to seventeen and a half to fifty years' imprisonment on the assault conviction, a concurrent term of nine to twenty years' imprisonment on the conspiracy conviction, a concurrent term of six months to five years' imprisonment on the attempted armed robbery conviction, and a consecutive term of two years' imprisonment on the felony firearm conviction.

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning judicial bias, the admission of other acts

1

evidence, the effectiveness of trial counsel, and cumulative error. The court denied relief on those claims and affirmed Petitioner's convictions. People v. Durham, No. 302563, 2012 WL 833242 (Mich. Ct. App. Mar. 13, 2012). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied. People v. Durham, 820 N.W.2d 803 (Mich. 2012).

Petitioner filed his undated federal habeas petition on October 17, 2013, raising the same claims presented to the state courts on direct appeal of his convictions. After Respondent filed an answer to the petition (Dkt. 8), Petitioner moved to stay the proceedings (Dkt. 10), so that he could return to the state courts and exhaust additional issues concerning the effectiveness of trial and appellate counsel. On July 23, 2014, the Court granted Petitioner's motion to stay the proceedings and administratively closed the case. 7/23/2014 Order (Dkt. 11). The stay was conditioned on Petitioner presenting his unexhausted claims to the state courts within thirty days of the Court's order and, if he was unsuccessful in the state courts, moving to lift the stay to re-open the case and proceed on an amended petition within thirty days after the conclusion of the state collateral review proceedings. See 7/23/2014 Order at 4.

On May 19, 2015, Petitioner filed a motion for relief from judgment with the state trial court raising claims concerning the effectiveness of trial and appellate counsel, see Register of Actions, People v. Durham, Wayne Co. Cir. Ct. No. 10-002260-01-FC, which was denied pursuant to Michigan Court Rules 6.508(D)(2) and 6.508(D)(3), and on the merits. People v. Durham, No. 10-002260-01-FC (Wayne Co. Cir. Ct. Sept. 9, 2015). The trial court denied reconsideration on December 11, 2015.

Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failure to establish that the trial court erred in denying the motion for relief from judgment. People v. Durham, No. 331567 (Mich. Ct. App. May 17, 2016).

2

Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied pursuant to Michigan Court Rule 6.508(D). People v. Durham, 890 N.W.2d 863 (Mich. 2017). The Michigan Supreme Court also denied reconsideration. People v. Durham, 895 N.W.2d 185 (Mich. 2017).

Petitioner submitted a "motion for writ of habeas corpus" (Dkt. 14), as well as application to proceed in forma pauperis (Dkt. 15), a motion for evidentiary hearing (Dkt. 16), and a motion for appointment of counsel (Dkt. 17), all dated July 10, 2013 and filed on the Court's docket on July 13, 2010. This matter is before the Court to determine whether Petitioner should be allowed to re-open this case and proceed on federal habeas review. The Court re-opens the case for the limited purpose of determining whether Petitioner should be allowed to proceed on his habeas claims.

Petitioner's request to proceed on his habeas claims will be denied because he failed to comply with the conditions set forth in the Court's order staying and administratively closing the case. The Court conditioned the stay on Petitioner returning to state court within thirty days of the Court's stay order, exhausting his state court remedies, and then moving to re-open his case on an amended petition within thirty days of the conclusion of his state collateral review proceedings. Petitioner did not do so.

First, the Court finds that Petitioner did not return to the state trial court within thirty days of the stay order, given that the order was signed on July 13, 2014, but Petitioner's motion for relief from judgment with the state trial court was not filed until May 19, 2015.[1] Second,

---

[1] The Court notes that, on August 21, 2014, Petitioner filed a motion for an extension of time (Dkt. 12), seeking an additional thirty days to file his motion for relief from judgment with the state trial court. Through inadvertence, the Court did not rule on that motion. Even if the Court had granted the thirty-day extension, however, Petitioner still did not comply with that time period in filing his motion for relief from judgment with the state trial court.

3

Petitioner did not return to this Court within thirty days of the conclusion of his state collateral review proceedings, given that those proceedings ended on May 31, 2017, when the Michigan Supreme Court denied reconsideration, and he dated his subsequent habeas filings on July 10, 2017. Third, Petitioner did not file a motion to re-open this case to proceed on an amended petition. Consequently, Petitioner has failed to comply with the conditions of the stay.

Accordingly, the Court denies Petitioner's request to proceed on his habeas claims. Rather, in accordance with Sixth Circuit precedent, the Court vacates the stay as of the date it was entered (here July 23, 2014), and dismisses the petition for a writ of habeas corpus. See Palmer v. Carlton, 276 F.3d 777, 780-782 (6th Cir. 2002) ("If the conditions of the stay are not met, the stay may later be vacated nunc pro tunc as of the date the stay was entered, and the petition may be dismissed."); see also Calhoun v. Bergh, 769 F.3d 409, 411 (6th Cir. 2014) (affirming district court's dismissal of petition based upon petitioner's failure to comply with conditions of stay). Given this determination, the Court also denies Petitioner's pending motions as moot. This case is closed for all purposes.

Before Petitioner may appeal this Court's dispositive decision, a certificate of must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to further." Miller-El, 537 U.S. at 327. In applying that standard, a district court may not

full merits review, but must limit its examination to a threshold inquiry into the underlying merit the petitioner's claims.  Id. at 336-337.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; Castro v. United States, 310 F.3d 900, 901 (6th Cir. 2002).

Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484.

Having considered the matter, the Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, a certificate of appealability is not warranted in this case.

The Court also denies Petitioner leave to appeal in forma pauperis, because any appeal would be frivolous and not in good faith.  See, e.g., Dell v. Straub, 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002); Fed. R. App. P. 24(a).

SO ORDERED.

Dated: July 28, 2017                                                s/Mark A. Goldsmith
       Detroit, Michigan                                        MARK A. GOLDSMITH
                                                           United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 28, 2017.

s/Karri Sandusky
Case Manager
